# IN THE COURT OF APPEALS OF IOWA

No. 18-1083
Filed December 5, 2018

**IN THE INTEREST OF W.G. and T.G.,**
**Minor Children,**

**C.R., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Karen Kaufman Salic, District Associate Judge.

The mother appeals the termination of her parental rights to her children. **AFFIRMED**.

Theodore J. Hovda of Ted Hovda Law Office, Garner, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Philip L. Garland and Carrie J. Rodriguez of Garland & Rodriguez, Garner, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the termination of her parental rights to W.G., born January 2004, and T.G., born March 2002. She argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(f) (2018), termination is not in the best interests of the children, and there is a strong bond between her and the children that precludes termination under Iowa Code section 232.116(3)(c). With years of services provided but little, if any, progress by the mother, we agree with the district court: the State proved the grounds for termination by clear and convincing evidence, termination is in the best interests of the children, and there is nothing precluding termination.

## I. Background Facts and Proceedings

The family first came to the attention of Iowa Department of Human Services (DHS) in June 2015, upon concerns about drug usage by the parents leading to inadequate care of the children. On July 24, 2015, W.G. and T.G. were adjudicated as children in need of assistance (CINA).[1] For the next three years, the mother was provided a host of services, most of which she either refused or with which she failed to cooperate. The State filed a petition to terminate parental rights for each child in March 2018. On June 5, 2018, the district court found the State had proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(f). The mother appeals.[2]

---

[1] Two more of the mother's children were adjudicated as CINA at the hearing, but they have since aged out.
[2] Both of the children's respective fathers had their parental rights terminated under Iowa Code section 232.116(1)(b) and (e). However, neither father appeals.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *Id.*; *accord* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated."). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III. Grounds for Termination

The mother argues the district court erred in finding the State proved by clear and convincing evidence that her parental rights should be terminated under Iowa Code section 232.116(1)(f). Specifically, she challenges the State's establishment of paragraph (4), that the children could not be returned to the mother's custody at the present time.[3] Moreover, she requests the children either

---

[3] Section 232.116(1)(f) provides termination is warranted if,
   The court finds that all of the following have occurred:
       (1) The child is four years of age or older.
       (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
       (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

be returned to her custody or she be granted additional time to work towards reunification.

For three years, DHS has attempted to work toward reunification. The district court noted in the termination ruling that "[a]s of this date, Mother has failed to cooperate with [Family Safety, Risk, and Permanency] services on a consistent basis for well over a year." The mother did not complete any substance-abuse treatment, and her last drug test was in July 2017. Despite the amount of time and the number of services offered, the mother failed to make sufficient progress. Therefore, we agree with the district court the State proved by clear and convincing evidence that the children could not be returned to the mother's custody at the present time and termination is warranted.

## IV. Best Interests of the Children

Next, the mother argues the district court should not have concluded termination is in the children's best interests. "In considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The mother asserts the children would be safe in her custody, and she has repeatedly stated she wants another chance to parent her children.

---

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother was given another chance to parent between November 2015 and November 2016, when the children were returned to her custody with implemented services. As the district court noted, "[T]he conditions . . . worsened significantly" during this time, and the children were again removed. In the ruling, the district court stated, "Unfortunately, we have reached the end of the maximum statutory period permitted to try to reunify this family. There is no reason to hope that reunification will occur at any time." In addition, the ruling provides:

> [The children] have been devastated time and time again by Mother's failure to commit to them, to engage in services to work toward reunification, to make them a priority and even to regularly visit them. Continuing their legal connection to Mother will perpetuate a devastating emotional harm that happens to them about twice a week when they realize their Mother is not going to change. . . . [W]hile the [children] will be sad about termination, it will allow them to move forward without being dragged down by Mother's continued refusal to change. Mother has been given absolutely every chance possible to reunify with the children but she has refused to participate.

Considering the significant amount of time provided and the number of services offered to the mother, with little to no progress, termination is in the children's best interests.

## V. Nothing in the Record Precludes Termination

Finally, the mother asserts the district court should have found her strong bond with her children precludes termination. "A strong bond between parent and child is a special circumstance which mitigates against termination when the statutory grounds have been satisfied." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see* Iowa Code § 232.116(3)(c). However, this "is not an overriding consideration, but merely a factor to consider." *N.F.*, 579 N.W.2d at 341.

As the district court stated, "Any sadness the child[ren] may experience because of termination does not overcome the likely long-term hardship and neglect the [children] will suffer if in the care of [the mother]." Ultimately, the district court found it "simply cannot find that the parent-child relationship is so strong that it outweighs the need for termination." Even after three years, the mother was unable to provide adequate care to her children despite numerous services offered by DHS. Upon our review of the record, we agree the bond between the mother and children is insufficient to preclude termination. *See* Iowa Code § 232.116(3)(c).

## VI. Conclusion

We conclude the State proved by clear and convincing evidence the grounds for termination of the mother's parental rights. Additionally, termination is in the best interests of the children and any bond between the mother and children does not preclude termination.

**AFFIRMED**.